IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACORDA THERAPEUTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| ACTAVIS LABORATORIES FL, INC., | ) |
| ANDRX CORPORATION, WATSON | ) |
| LABORATORIES, INC., ACTAVIS | ) |
| PHARMA, INC. and ACTAVIS, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Acorda Therapeutics, Inc. ("Acorda" or "Plaintiff"), for its Complaint against Actavis

Laboratories FL, Inc., Andrx Corporation, Watson Laboratories, Inc., Actavis Pharma, Inc.,

and Actavis, Inc. (collectively "Actavis" or "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.     This is an action by Acorda against Actavis for patent infringement of United

States Patent Nos. 8,007,826 (the "'826 patent"), 8,354,437 (the "'437 patent"), 8,440,703 (the

"'703 patent") and 8,663,685 (the "'685 patent") (collectively, the "Ampyra® Patents").

2.     This action arises out of Actavis's filing of Abbreviated New Drug Application

("ANDA") No. 206836 seeking approval by the United States Food and Drug Administration

("FDA") to sell generic copies of Acorda's flagship drug product Ampyra®, prior to the

expiration of the Ampyra® Patents.

### THE PARTIES

3.     Acorda is a corporation organized under the laws of the State of Delaware and has

its principal place of business located at 420 Saw Mill River Road, Ardsley, New York 10502.

Acorda is engaged in the research, development, and sale of biotech and pharmaceutical

products.  Acorda invests extensively in designing and developing new and innovative therapies to restore neurological function and improve the lives of people with multiple sclerosis ("MS"), spinal cord injuries and other disorders of the nervous system.  Ampyra® is the only treatment shown to improve walking in people with MS, which was demonstrated by an increase in walking speed.

4.      Acorda has all right, title, and interest in the Ampyra® Patents and the right to sue for infringement thereof.

5.      On information and belief, defendant Actavis Laboratories FL, Inc. is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.  On information and belief, Actavis Laboratories FL, Inc. is a wholly-owned subsidiary of Andrx Corporation.

6.      On information and belief, defendant Actavis Laboratories FL, Inc. is in the business of manufacturing, marketing, importing, preparing, and selling generic pharmaceuticals that it distributes in the State of Delaware and throughout the United States.

7.      On information and belief, defendant Andrx Corporation is a corporation organized and existing under the laws of the State of Delaware, having designated its registered agent as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  On information and belief, Andrx Corporation is a wholly-owned subsidiary of Actavis, Inc.

8.      On information and belief, defendant Watson Laboratories, Inc. is a corporation organized and existing under the laws of the State of Nevada, having its principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.

On information and belief, Watson Laboratories, Inc. is a wholly-owned subsidiary of Actavis, Inc.

9.      On information and belief, defendant Watson Laboratories, Inc. is in the business of, among other things, marketing and distributing pharmaceutical products, preparing and filing ANDAs, and testing ANDA products in the State of Delaware and throughout the United States, including some that are manufactured by Actavis Laboratories FL, Inc.

10.     On information and belief, defendant Watson Laboratories, Inc. has a registered agent in the State of Delaware.

11.     Defendant Watson Laboratories, Inc. is registered with the Delaware Board of Pharmacy, pursuant to 24 Del. C. § 2540, as a licensed "Pharmacy-Wholesale" (License No. A4-0001263) and "Distributor/Manufacturer CSR" (License No. DS0499).

12.     On information and belief, defendant Actavis Pharma, Inc. (formerly known as Watson Pharma, Inc.) is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.  On information and belief, Actavis Pharma, Inc. is a wholly-owned subsidiary of Actavis, Inc.

13.     On information and belief, defendant Actavis Pharma, Inc. is in the business of, among other things, marketing and distributing pharmaceutical products in the State of Delaware and throughout the United States, including some that are manufactured by Actavis Laboratories FL, Inc.

14.     Defendant Actavis Pharma, Inc. is registered with the Delaware Board of Pharmacy, pursuant to 24 Del. C. § 2540, as a licensed "Pharmacy-Wholesale" (License Nos.

3

A4-0000627, A4-0000683, A4-0001998) and "Distributor/Manufacturer CSR" (License Nos. DS0503 and DS0319).

15.     On information and belief, defendant Actavis, Inc. is a corporation organized and existing under the laws of the State of Nevada, having its principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.  On information and belief, Actavis, Inc. is a wholly-owned subsidiary of Actavis plc, a publicly held corporation incorporated in Ireland.

16.     On information and belief, defendant Actavis, Inc. is in the business of, among other things, marketing and distributing pharmaceutical products in the State of Delaware and throughout the United States, including some that are manufactured by Actavis Laboratories FL, Inc.

## JURISDICTION AND VENUE

17.     This action arises under the patent laws of the United States, Title 35, United States Code.  The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

18.     Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery, this Court has personal jurisdiction over the Defendants.

19.     This Court has personal jurisdiction over Defendants by virtue of the fact that, *inter alia*, they have committed — or aided, abetted, induced, contributed to, or participated in the commission of — the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Acorda, a Delaware corporation.

20.     In addition, the Court has personal jurisdiction over the Defendants by virtue of their systematic and continuous contacts with the State of Delaware.  For example:

- On information and belief, defendant Actavis Laboratories FL, Inc. is in the business of manufacturing, marketing, importing, preparing, and selling generic pharmaceuticals that it distributes in the State of Delaware and throughout the United States.

- On information and belief, Actavis Laboratories FL, Inc. is a wholly-owned subsidiary of Andrx Corporation.

- On information and belief, defendant Andrx Corporation is a corporation organized and existing under the laws of the State of Delaware, having designated its registered agent as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

- On information and belief, Andrx Corporation is a wholly-owned subsidiary of Actavis, Inc.

- On information and belief, defendant Actavis, Inc. is in the business of, among other things, marketing and distributing pharmaceutical products in the State of Delaware and throughout the United States, including some that are manufactured by Actavis Laboratories FL, Inc.

- On information and belief, defendant Actavis Pharma, Inc. (formerly known as Watson Pharma, Inc.) is a corporation organized and existing under the laws of the State of Delaware.

- On information and belief, defendant Actavis Pharma, Inc. is in the business of, among other things, marketing and distributing pharmaceutical products in the State of Delaware and throughout the United States, including some that are manufactured by Actavis Laboratories FL, Inc.

- Defendant Actavis Pharma, Inc. is registered with the Delaware Board of Pharmacy, pursuant to 24 Del. C. § 2540, as a licensed "Pharmacy-Wholesale" (License Nos. A4-0000627, A4-0000683, A4-0001998) and "Distributor/Manufacturer CSR" (License Nos. DS0503 and DS0319).

- On information and belief, Actavis Pharma, Inc. is a wholly-owned subsidiary of Actavis, Inc.

- On information and belief, defendant Watson Laboratories, Inc. is in the business of, among other things, marketing and distributing pharmaceutical products, preparing and filing ANDAs, and testing ANDA products in the State of Delaware and throughout the United States, including some that are manufactured by Actavis Laboratories FL, Inc.

- On information and belief, defendant Watson Laboratories, Inc. has a registered agent in the State of Delaware.

- Defendant Watson Laboratories, Inc. is registered with the Delaware Board of Pharmacy, pursuant to 24 Del. C. § 2540, as a licensed "Pharmacy-Wholesale" (License No. A4-0001263) and "Distributor/Manufacturer CSR" (License No. DS0499).

- On information and belief, Watson Laboratories, Inc. is a wholly-owned subsidiary of Actavis, Inc.

21.    On information and belief, the Defendants share common officers and directors and are agents of each other and/or work in concert with each other with respect to the development, regulatory approval, marketing, sale, and distribution of pharmaceutical products throughout the United States, including into Delaware, including the dalfampridine extended release tablets described in Defendants' ANDA No. 206836 (the "Actavis Generic Tablets"), which are accused of infringing the Ampyra® Patents.  For example:

- On information and belief, Actavis organizes its entire business, including all its U.S. subsidiaries, into two operating segments: Actavis Pharma and Anda Distribution.   On information and belief, the Anda Distribution segment distributes generic pharmaceutical products manufactured by Actavis to independent pharmacies, pharmacy chains, pharmacy buying groups and physicians' offices.   On information and belief, in 2013, Actavis marketed approximately 250 generic pharmaceutical product families in the U.S., including in Delaware.

- On information and belief, Actavis sells generic pharmaceutical products throughout the U.S., including in Delaware, primarily under the "Watson Laboratories," "Watson Pharma" and "Actavis Pharma" labels.   On information and belief, in 2013, Actavis began efforts to change the underlying "Watson" subsidiary and legal entity names to an "Actavis" name.

22.    If ANDA No. 206836 is approved, the Actavis Generic Tablets will, among other things, be marketed and distributed in Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of which will have a substantial effect on Delaware.

23.    Defendants know and intend that Actavis Generic Tablets will be distributed and sold in the United States, including in Delaware.  On information and belief, if ANDA No.

206836 is approved, defendant Watson Laboratories, Inc. will manufacture Actavis Generic Tablets for distribution throughout the United States, including in Delaware. On information and belief, defendant Actavis Pharma, Inc. will distribute Actavis Generic Tablets for sale and/or use in Delaware.

24.     In addition, the Defendants have previously submitted to the jurisdiction of this Court and have further previously availed themselves of this Court by initiating lawsuits, consenting to this Court's jurisdiction, and asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g.*, Complaint for Patent Infringement, *Sciele Pharma, Inc., Andrx Corporation et al. v. Lupin Ltd. et al.*, No. 1:09-cv-00037-RBK-JS (D. Del. Jan. 15, 2009) (Doc. 1); Defendant's Answer, Defenses, and Counterclaims, *Fresenius Kabi USA, LLC v. Watson Laboratories, Inc. and Actavis, Inc.*, No. 14-cv-161-SLR (D. Del. Apr. 8, 2014) (Doc. 7); Watson Laboratories, Inc.'s Answer, Affirmative Defenses, and Counterclaims at 4, *Forest Laboratories, Inc. et al. v. Apotex Corp. and Watson Laboratories, Inc. – Florida et al.*, No. 1:14-cv-00200-LPS (D. Del. Apr. 22, 2014) (Doc. 22) (consenting to jurisdiction) and Notice of Name Change, No. 1:14-cv-00200-LPS (D. Del. June 6, 2014) (Doc. 48) (stating that Watson Laboratories, Inc. – Florida changed its name to Actavis Laboratories FL, Inc. on April 21, 2014); Answer to First Amended Complaint and Defenses, *Unimed Pharmaceuticals, LLC et al. v. Watson Laboratories, Inc. and Actavis, Inc.*, No. 13-cv-236-RGA (D. Del. Oct. 18, 2013) (Doc. 36), Joint Stipulation, No. 13-cv-236-RGA (D. Del. Apr. 1, 2014) (Doc. 77), and Joint Stipulation, No. 13-cv-236-RGA (D. Del. Apr. 2, 2014) (Doc. 78); Complaint for Patent Infringement, *Kissei Pharmaceutical Co., Ltd., Watson Laboratories, Inc. and Actavis, Inc. v. Sandoz Inc.*, No. 1:13- cv-1092-LPS (D. Del. June 17, 2013) (Doc. 1).

25.     Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

### The '826 Patent

26.     On August 30, 2011, the United States Patent and Trademark Office ("USPTO") issued the '826 patent, titled "Sustained Release Aminopyridine Composition." The '826 patent is duly and legally assigned to Acorda. A copy of the '826 patent is attached hereto as Exhibit A.

### The '437 Patent

27.     On January 15, 2013, the USPTO issued the '437 patent, titled "Method of Using Sustained Release Aminopyridine Compositions." The '437 patent is duly and legally assigned to Acorda. A copy of the '437 patent is attached hereto as Exhibit B.

### The '703 Patent

28.     On May 14, 2013, the USPTO issued the '703 patent, titled "Methods of Using Sustained Release Aminopyridine Compositions." The '703 patent is duly and legally assigned to Acorda. A copy of the '703 patent is attached hereto as Exhibit C.

### The '685 Patent

29.     On March 4, 2014, the USPTO issued the '685 patent, titled "Sustained Release Aminopyridine Composition." The '685 patent is duly and legally assigned to Acorda. A copy of the '685 patent is attached hereto as Exhibit D.

### Orange Book Listing for Ampyra®

30.     Acorda holds an approved New Drug Application ("NDA"), No. 022250, for the use of 10 mg dalfampridine extended release tablets to improve walking in patients with multiple sclerosis, which Acorda sells under the registered name Ampyra®.

31.     The use of Ampyra® to improve walking in patients with MS is covered by the Ampyra® Patents.

32.     Pursuant to 21 U.S.C. § 355(b)(1) and the regulations the FDA has promulgated pursuant thereto, the Ampyra® Patents are listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") for improvement of walking in patients with MS.

33.     The Orange Book lists the expiration dates for the '826 patent as May 26, 2027, the '437 patent as December 22, 2026, the '703 patent as April 8, 2025, and the '685 patent as January 18, 2025.

## ACTAVIS'S ANDA

34.     By letter dated June 24, 2014 (the "Actavis Notice Letter"), Actavis Laboratories FL, Inc. notified Acorda that it had filed ANDA No. 206836 with the FDA, seeking approval under the Federal Food, Drug and Cosmetic Act ("FDCA") to market and sell Actavis Generic Tablets -- generic copies of Ampyra® (10 mg dalfampridine extended release tablets) -- to improve walking in patients with MS, prior to the expiration of the Ampyra® Patents.

35.     The Actavis Notice Letter states that ANDA No. 206836 contains a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the '826 patent, the '437 patent, the '703 patent, and the '685 patent are "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of the drug products described in Actavis's ANDA."

36.     The Actavis Notice Letter also states that ANDA No. 206836 was submitted to the FDA and contains a Paragraph IV certification "to obtain approval to engage in commercial manufacture, use or sale [of Actavis Generic Tablets] before the expiration of the '826 patent, the '437 patent, the '703 patent and the '685 patent."

37.     Upon information and belief, Defendants collaborated and acted in concert in the decision to file and the filing of ANDA No. 206836.   For example, the Actavis Notice Letter signed by Janet Vaughn of Actavis Laboratories FL, Inc., identifies Brian Anderson, Esq. as the contact person for Actavis's Offer of Confidential Access for ANDA No. 206836 to Acorda. Upon information and belief, Mr. Anderson is an employee of Actavis, Inc.

38.     Upon information and belief, Defendants will distribute the Actavis Generic Tablets in the United States.

## COUNT I
### (Infringement of the '826 Patent)

39.     The allegations of paragraphs 1-38 above are repeated and re-alleged as if set forth fully herein.

40.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Actavis's filing of ANDA No. 206836 seeking approval to market Actavis Generic Tablets is an act of infringement of one or more claims of the '826 patent entitling Acorda to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 206836 be a date which is not earlier than the expiration date of the '826 patent.

41.     Actavis had knowledge of the '826 patent when it submitted ANDA No. 206836 to the FDA.

42.     Upon information and belief, Actavis intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Actavis Generic Tablets with the proposed labeling. The use of Actavis Generic Tablets in accordance with and as directed by Actavis's proposed labeling would infringe one or more claims of the '826 patent.

43.     Upon information and belief, Actavis intends to actively induce infringement of one or more claims of the '826 patent.

44.     Upon information and belief, Actavis knows that Actavis Generic Tablets and the proposed labeling are especially made or adapted for use in infringing one or more claims of the '826 patent and that the ANDA Products and the proposed labeling are not suitable for any substantial noninfringing use.

45.     Upon information and belief, Actavis intends to contribute to the infringement of one or more claims of the '826 patent.

46.     The foregoing actions by Actavis constitute and/or would constitute infringement of one or more claims of the '826 patent, active inducement of infringement of one or more claims of the '826 patent, and/or contribution to the infringement by others of one or more claims of the '826 patent.

47.     Acorda will be substantially and irreparably harmed if Actavis is not enjoined from infringing the '826 patent.  Acorda has no adequate remedy at law.

**COUNT II**
**(Infringement of the '437 Patent)**

48.     The allegations of paragraphs 1-47 above are repeated and re-alleged as if set forth fully herein.

49.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Actavis's filing of ANDA No. 206836 seeking approval to market Actavis Generic Tablets is an act of infringement of one or more claims of the '437 patent entitling Acorda to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 206836 be a date which is not earlier than the expiration date of the '437 patent.

50.     Actavis had knowledge of the '437 patent when it submitted ANDA No. 206836 to the FDA.

51.     Upon information and belief, Actavis intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Actavis Generic Tablets with the proposed labeling. The use of Actavis Generic Tablets in accordance with and as directed by Actavis's proposed labeling would infringe one or more claims of the '437 patent.

52.     Upon information and belief, Actavis intends to actively induce infringement of one or more claims of the '437 patent.

53.     Upon information and belief, Actavis knows that Actavis Generic Tablets and the proposed labeling are especially made or adapted for use in infringing one or more claims of the '437 patent and that the ANDA Products and the proposed labeling are not suitable for any substantial noninfringing use.

54.     Upon information and belief, Actavis intends to contribute to the infringement of one or more claims of the '437 patent.

55.     The foregoing actions by Actavis constitute and/or would constitute infringement of one or more claims of the '437 patent, active inducement of infringement of one or more claims of the '437 patent, and/or contribution to the infringement by others of one or more claims of the '437 patent.

56.     Acorda will be substantially and irreparably harmed if Actavis is not enjoined from infringing the '437 patent. Acorda has no adequate remedy at law.

## COUNT III
### (Infringement of the '703 Patent)

57.     The allegations of paragraphs 1-56 above are repeated and re-alleged as if set forth fully herein.

58.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Actavis's filing of ANDA No. 206836 seeking approval to market Actavis Generic Tablets is an act of infringement of one or more

claims of the '703 patent entitling Acorda to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 206836 be a date which is not earlier than the expiration date of the '703 patent.

59.     Actavis had knowledge of the '703 patent when it submitted ANDA No. 206836 to the FDA.

60.     Upon information and belief, Actavis intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Actavis Generic Tablets with the proposed labeling. The use of Actavis Generic Tablets in accordance with and as directed by Actavis's proposed labeling would infringe one or more claims of the '703 patent.

61.     Upon information and belief, Actavis intends to actively induce infringement of one or more claims of the '703 patent.

62.     Upon information and belief, Actavis knows that Actavis Generic Tablets and the proposed labeling are especially made or adapted for use in infringing one or more claims of the '703 patent and that the ANDA Products and the proposed labeling are not suitable for any substantial noninfringing use.

63.     Upon information and belief, Actavis intends to contribute to the infringement of one or more claims of the '703 patent.

64.     The foregoing actions by Actavis constitute and/or would constitute infringement of one or more claims of the '703 patent, active inducement of infringement of one or more claims of the '703 patent, and/or contribution to the infringement by others of one or more claims of the '703 patent.

65.     Acorda will be substantially and irreparably harmed if Actavis is not enjoined from infringing the '703 patent.  Acorda has no adequate remedy at law.

## COUNT IV
### (Infringement of the '685 Patent)

66.     The allegations of paragraphs 1-65 above are repeated and re-alleged as if set forth fully herein.

67.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Actavis's filing of ANDA No. 206836 seeking approval to market Actavis Generic Tablets is an act of infringement of one or more claims of the '685 patent entitling Acorda to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 206836 be a date which is not earlier than the expiration date of the '685 patent.

68.     Actavis had knowledge of the '685 patent when it submitted ANDA No. 206836 to the FDA.

69.     Upon information and belief, Actavis intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Actavis Generic Tablets with the proposed labeling. The use of Actavis Generic Tablets in accordance with and as directed by Actavis's proposed labeling would infringe one or more claims of the '685 patent.

70.     Upon information and belief, Actavis intends to actively induce infringement of one or more claims of the '685 patent.

71.     Upon information and belief, Actavis knows that Actavis Generic Tablets and the proposed labeling are especially made or adapted for use in infringing one or more claims of the '685 patent and that the ANDA Products and the proposed labeling are not suitable for any substantial noninfringing use.

72.     Upon information and belief, Actavis intends to contribute to the infringement of one or more claims of the '685 patent.

73.     The foregoing actions by Actavis constitute and/or would constitute infringement of one or more claims of the '685 patent, active inducement of infringement of one or more claims of the '685 patent, and/or contribution to the infringement by others of one or more claims of the '685 patent.

74.     Acorda will be substantially and irreparably harmed if Actavis is not enjoined from infringing the '685 patent.  Acorda has no adequate remedy at law.

## COUNT V
### (Induced Infringement)

75.     The allegations of paragraphs 1-74 above are repeated and re-alleged as if set forth fully herein.

76.     On information and belief, defendants Andrx Corporation, Watson Laboratories, Inc., Actavis Pharma, Inc., and Actavis, Inc. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of ANDA No. 206836 to the FDA, knowing of the Ampyra® Patents.

77.     The filing of the ANDA by Defendants through Actavis Laboratories FL, Inc. constituted direct infringement under 35 U.S.C. § 271(e).  Under 35 U.S.C. §§ 271(b) and 271(e)(2)(A), defendants Andrx Corporation, Watson Laboratories, Inc., Actavis Pharma, Inc., and Actavis, Inc. induced the infringement of the Ampyra® Patents by actively and knowingly causing to be submitted, and/or assisting with, participating in, contributing to, and/or directing the submission of ANDA No. 206836 to the FDA knowing that the submission of ANDA No. 206836 would constitute direct infringement of the Ampyra® Patents.  Defendants Andrx Corporation, Watson Laboratories, Inc., Actavis Pharma, Inc., and Actavis, Inc.'s knowing and purposeful activities causing to be submitted, and/or assisting with, participating in, contributing

15

to, and/or directing the filing of ANDA No. 206836, knowing that its submission would constitute direct infringement, constitute induced infringement of the Ampyra® Patents.

### PRAYER FOR RELIEF

WHEREFORE, Acorda requests the following relief:

A.   A judgment that Actavis's submission of ANDA No. 206836 was an act of infringement and that Defendants making, using, offering to sell, selling or importing Actavis Generic Tablets prior to the expiration of the Ampyra® Patents will infringe, actively induce infringement and/or contribute to the infringement of each of the Ampyra® Patents;

B.   A judgment that defendants Andrx Corporation, Watson Laboratories, Inc., Actavis Pharma, Inc., and Actavis, Inc. knowing and purposeful activities causing to be submitted, and/or assisting with, participating in, contributing to, and/or directing the filing of ANDA No. 206836, knowing that its submission would constitute direct infringement, induced infringement of each of the Ampyra® Patents;

C.   A judgment that the effective date of any FDA approval for Actavis to make, use offer for sale, sell, market, distribute, or import the Actavis Generic Tablets be no earlier than the dates on which the Ampyra® Patents expire, or any later expiration of exclusivity to which Acorda is or become entitled;

D.   A permanent injunction enjoining Actavis, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from making using, selling, offering for sale, marketing, distributing, or importing the Actavis Generic Tablets, and from inducing or contributing to any of the

foregoing, prior to the expiration of the Ampyra® Patents, or any later expiration of exclusivity to which Acorda is or become entitled;

E.  A judgment that this case is an exceptional case under 35 U.S.C. § 285, entitling Acorda to an award of its reasonable attorneys' fees for bringing and prosecuting this action;

F.  An award of Acorda's costs and expenses in this action;

G.  Such further and additional relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mnoreika@mnat.com

*Attorneys for Acorda Therapeutics, Inc.*

OF COUNSEL:

Aaron Stiefel
Daniel P. DiNapoli
Benjamin C. Hsing
Soumitra Deka
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022-3598
(212) 836-8000

Sylvia M. Becker
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
(202) 683-3500

Anthony Michael
ACORDA THERAPEUTICS, INC.
420 Saw Mill River Road
Ardsley, NY  10502
(914) 326-6825

July 7, 2014