# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACORDA THERAPEUTICS, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>ALKEM LABORATORIES, LTD., et al.<br><br>Defendants. | C.A. No. 14-00882-LPS<br>(CONSOLIDATED)<br><br>**REDACTED --PUBLIC VERSION** |

**LETTER TO THE HONORABLE LEONARD P. STARK FROM JOHN C. PHILLIPS, JR. REGARDING DEFENDANTS' RESPONSE TO <u>PLAINTIFFS' MAY 23, 2016 LETTER</u>**

MORRIS JAMES LLP
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com
*Attorneys for Defendant Mylan Pharmaceuticals, Inc.*

and

PARKER POE ADAMS & BERNSTEIN LLP
Robert L. Florence
Karen L. Carroll
Michael L. Binns
3355 Lennox Road, Suite 750
Atlanta, GA 30326
robertflorence@parkerpoe.com
karencarroll@parkerpoe.com
michaelbinns@parkerpoe.com

PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 N. Broom Street
Wilmington, DE 19806-4204
(302) 655-4200
jcp@pgmhlaw.com
mch@pgmhlaw.com
*Attorneys for Defendants Alkem Laboratories, Ltd., Accord Healthcare, Inc., Teva Pharmaceuticals USA, Inc., Apotex Corp., Apotex, Inc. and Roxane Laboratories, Inc.*

and

WINSTON & STRAWN LLP
George C. Lombardi
Samuel S. Park
Maureen L. Rurka
Bryce A. Cooper
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
glombardi@winston.com
spark@winston.com

PARKER POE ADAMS & BERNSTEIN LLP
Melanie Black Dubis
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
melaniedubis@parkerpoe.com
*Attorneys for Defendant Mylan
Pharmaceuticals, Inc.*

mrurka@winston.com
bcooper@winston.com
*Attorneys for Defendants Apotex Corp.,
Apotex, Inc., Teva Pharmaceuticals USA, Inc.
and Roxane Laboratories, Inc.*

SCHIFF HARDIN LLP
Imron T. Aly
Sailesh K. Patel
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
(312) 258-5500
ialy@schiffhardin.com
spatel@schiffhardin.com

SCHIFF HARDIN LLP
George C. Yu
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
(415)901-8700
gyu@schiffhardin.com
*Attorneys for Alkem Laboratories, Ltd. and
Accord Healthcare, Inc.*

**PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.**
ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DE 19806

JOHN C. PHILLIPS, JR.
ROBERT S. GOLDMAN
LISA C. MCLAUGHLIN
JAMES P. HALL
DAVID A. BILSON
MEGAN C. HANEY

(302) 655-4200 (P)
(302) 655-4210 (F)

May 25, 2016

**BY CM/ECF**  **FILED UNDER SEAL – HIGHLY CONFIDENTIAL**

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Room 6124, Unit 26
Wilmington, DE 19801-3555

Re: *Acorda Therapeutics, Inc. et al., v. Alkem Labs. Ltd., et al.*, C.A. No. 14-882-LPS

Dear Chief Judge Stark:

I write on behalf of Defendants in the above-captioned matter to respond to Plaintiffs' May 23, 2016 letter requesting the Court strike certain opinions set forth in the Rebuttal Expert Report of Jeffrey M. Gelfand, M.D. (the "Gelfand Report"). Contrary to Plaintiffs' assertions, Defendants' non-infringement positions were clearly, properly, and timely disclosed, and the Gelfand Report simply points out that Plaintiffs have not met their burden on claims of induced infringement. Thus, there is no issue here. Rather, Plaintiffs' request to re-open fact discovery is a transparent attempt to postpone the trial date, which would severely prejudice Defendants.

### A. Defendants' Non-Infringement Positions Were Properly Disclosed

Under this Court's schedule and discovery rules, Defendants properly disclosed their infringement positions "during the discovery process." Fed. R. Civ. P. 26(e). At the outset of this case, Defendants sent Plaintiffs Notice Letters with Detailed Statements outlining their non-infringement positions, which are reflected in the Gelfand Report. Subsequently, in response to Plaintiffs' Interrogatory No. 3 asking for Defendants' non-infringement positions, Defendants specifically incorporated their Detailed Statements, objected to the interrogatory as premature, and "reserv[ed] the right to provide information related to expert testimony and opinions during the expert phase of discovery in this case." (*See, e.g.*, D.I. 212, Ex. 3 at 10.)

Plaintiffs apparently dispute the Detailed Statements' sufficiency. (D.I. 212 at 1.) They are mistaken. The Detailed Statements specifically noted that prescribing dalfampridine or taking dalfampridine pursuant to the product label would not directly infringe the claims of the Patents-in-Suit and, therefore, Defendants could not be liable for indirect infringement. *See, e.g.*, D.I. 212, Ex. 8, Alkem Detailed Statement at 23

Defendants' Detailed Statements further specifically identified the three supposedly new opinions even before the filing of Plaintiffs' complaints:



| | |
|---|---|
| Defendants do not induce infringement because their labels do not require physicians to administer 10 mg of dalfampridine twice daily (Gelfand Report at ¶¶ 59-67) | *See, e.g.*, D.I. 212, Ex.11 at 23: |
| Defendants do not induce infringement because their labels do not disclose the pharmacokinetic parameters recited in certain claims if steady-state pharmacokinetic data cannot be extrapolated from single-dose data (*Id.* ¶¶ 68-73) | *See, e.g.*, D.I. 212, Ex. 12 at 15: |
| Defendants do not contributorily infringe because dalfampridine has substantial non-infringing uses (*Id.* ¶¶ 74-77) | *See, e.g.*, D.I. 212, Ex. 12 at 15: |

On April 15, 2016, Defendants served the Gelfand Report in response to the conclusory opinion of Plaintiffs' infringement expert, Dr. Fred D. Lublin, that Defendants' Labels would induce infringement of the asserted claims. (*See, e.g.*, Ex. A ¶ 243.) Based on his education and experience, review of the Patents-in-Suit, the Ampyra Label, Defendants' Labels, and literature, Dr. Gelfand offers his "opinion regarding how a POSA … would understand Defendants' Labels" and "whether the Labels are providing explicit directions to the physician as to how to treat a patient" or "encourage, recommend, or promote the practice of the claimed methods." (D.I. 212, Ex. 13 ¶¶ 9, 49.) Plaintiffs do not dispute that the materials relied upon by Dr. Gelfand were timely produced. On May 18, 2016, Plaintiffs served the Reply Expert Report of Dr. Lublin specifically responding to the non-infringement opinions offered by Dr. Gelfand. (*See* Ex. B.)

### B. Plaintiffs Already Discovered All Factual Information Purportedly Relevant to Defendants' Non-Infringement Positions

Despite having had notice of Defendants' information even prior to filing their complaints, Plaintiffs now claim that they need additional fact discovery about Defendants' "intent" with respect to how physicians administer the ANDA products based on Defendants' Labels. (D.I. 212 at 3.) But Plaintiffs already had a full opportunity to—and *did*—question Defendants' 30(b)(6) witnesses specifically designated to testify regarding "[t]he proposed labeling, package insert, and prescribing information for [Defendant's] Accused Products, including, without limitation, the preparation and contemplated use of the proposed labeling, package insert, and prescribing information." (*See, e.g.*, Ex. C at 4.) Defendants' witnesses testified at length about their Labels, including any "intent" with respect to how the Labels are used. (*See, e.g.*, Ex. D, Pal Dep. Tr. 47:25-48:12

███████████████████████████████████ *see also* Ex. E, Krishnan Dep. Excerpt; Ex. F, Nair Dep. Excerpt; Ex. G, DeCicco Dep. Excerpt; Ex. H, Sethi Dep. Excerp; Ex. I, Sobecki Dep. Excerpt. Therefore, Plaintiffs have had ample opportunity to obtain Defendants' positions and did obtain evidence as to why the Labels do or do not induce infringement.

### C. The *Pennypack* Factors Weigh Against Exclusion and Plaintiffs' Request for Additional Discovery Should Be Denied

Even if the Court were to find that Defendants have failed to timely provide any information pursuant to Rule 26(e), such evidence should not be excluded under the *Pennypack* factors. Plaintiffs' requested factual discovery regarding Defendants' "intent" is not relevant to induced infringement, because Defendants Labels' do not instruct others, such as physicians or end-users, to practice the claimed invention in an infringing way. *Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 632 (Fed. Cir. 2015) ("vague label language cannot be combined with speculation about how physicians may act to find inducement"). It is not enough that "a user following the instructions may end up" practicing the patented method. *AstraZeneca L.P. v. Apotex, Inc.*, 633 F.3d 1043,1060 (Fed. Cir. 2010). Rather, *the instructions* must be such that a court can "infer from those instructions an affirmative intent to infringe the patent." *Id*. This is precisely why *expert opinion* regarding what *physicians* would infer from the instructions—which was timely disclosed in the Gelfand Report pursuant to the expert discovery schedule—is the only discovery relevant to Defendants' non-infringement positions. Moreover, the Gelfand Report does not rely upon or introduce any new factual material that is not specifically addressed in Dr. Lublin's opening infringement report. And Plaintiffs have now timely responded to the Gelfand Report with their own expert's reply opinions, negating any purported prejudice.

Defendants requested during the parties' meet and confer that Plaintiffs explain what, *exactly*, additional factual discovery they needed to respond to Dr. Gelfand's non-infringement opinions. But Plaintiffs were unable to articulate any discovery that has not already been provided, as described above. Defendants' witnesses were clear: they have no intent to induce infringement with their Labels (and, in fact, no intent to do anything except follow FDA requirements with respect to generic labels). There is nothing more to be gained by additional testimony. Certainly, Plaintiffs provided no reason that any additional discovery would take *3 months*—double the amount of time the parties have to conduct 11 expert depositions before the close of expert discovery on July 1, 2016 (or could not be completed by simple Requests for Admission or Interrogatories). For these reasons, Defendants view this dispute as an unnecessary attempt to disrupt and postpone trial beyond the 30-month stay in light of the Court's busy trial schedule. Defendants respectfully request the Court deny Plaintiffs' requests.

Respectfully submitted,

/s/ *John C. Phillips, Jr.*

John C. Phillips, Jr. (No. 110)

cc: Counsel of Record (via email and CM/ECF); Clerk of Court (via hand delivery)