IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACORDA THERAPEUTICS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 14-882 (LPS) |
| ) | (CONSOLIDATED) |
| ROXANE LABORATORIES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**JOINT STIPULATION TO NARROW ISSUES FOR TRIAL AND [PROPOSED] ORDER**

This stipulation is made by and between plaintiffs Acorda Therapeutics, Inc. ("Acorda") and Alkermes Pharma Ireland Limited ("Alkermes," and, together with Acorda, "Plaintiffs") and defendants Apotex Corp., Apotex Inc. (together with Apotex Corp. "Apotex"), Mylan Pharmaceuticals Inc. ("Mylan"), Roxane Laboratories, Inc. ("Roxane"), and Teva Pharmaceuticals USA, Inc. ("Teva") (each, "Defendant," and collectively, "Defendants").

WHEREAS, on July 18, 2014, Plaintiffs filed an action against Apotex for infringement of United States Patent No. 5,540,938 (the "'938 patent"), United States Patent No. 8,007,826 (the "'826 patent"), United States Patent No. 8,354,437 (the "'437 patent"), United States Patent No. 8,400,703 (the "'703 patent"), and United States Patent No. 8,663,685 (the "'685 patent") (collectively the "patents-in-suit"), captioned *Acorda Therapeutics, Inc., et al. v. Apotex Corp., et al.*, C.A. No. 14-cv-00955-LPS, in connection with Apotex's submission of Abbreviated New Drug Application ("ANDA") No. 206823 to the United States Food and Drug Administration ("FDA") seeking approval to market and sell 10 mg dalfampridine extended release tablets ("Apotex's generic dalfampridine tablets") prior to the expiration of the patents-in-suit;

WHEREAS, on July 16, 2014, Plaintiffs filed an action against Mylan for infringement of the patents-in-suit, captioned *Acorda Therapeutics, Inc., et al. v. Mylan Pharmaceuticals Inc., et*

*al.*, C.A. No. 14-cv-00935-LPS, in connection with Mylan's submission of ANDA No. 206858 to the FDA seeking approval to market and sell 10 mg dalfampridine extended release tablets ("Mylan's generic dalfampridine tablets") prior to the expiration of the patents-in-suit;

WHEREAS, on July 14, 2014, Plaintiffs filed an action against Roxane for infringement of the patents-in-suit, captioned *Acorda Therapeutics, Inc., et al. v. Roxane Laboratories, Inc., et al.*, C.A. No. 14-cv-00922-LPS, in connection with Roxane's submission of ANDA No. 206646 to the FDA seeking approval to market and sell 10 mg dalfampridine extended release tablets ("Roxane's generic dalfampridine tablets") prior to the expiration of the patents-in-suit;

WHEREAS, on July 17, 2014, Plaintiffs filed an action against Teva for infringement of the patents-in-suit, captioned *Acorda Therapeutics, Inc., et al. v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 14-cv-00941-LPS, in connection with Teva's submission of ANDA No. 206854 to the FDA seeking approval to market and sell 10 mg dalfampridine extended release tablets ("Teva's generic dalfampridine tablets") prior to the expiration of the patents-in-suit;

WHEREAS, on April 22, 2015, the above actions were consolidated with C.A. No. 14-882 (LPS) ("this action") for all purposes;

WHEREAS, Plaintiffs allege in this action that the filing by Defendants of ANDA Nos. 206823, 206858, 206646, and 206854 with the FDA constituted acts of infringement of claims 3 and 8 of the '938 patent; claims 1, 7, 38, and 39 of the '826 patent; claims 1, 2, 5, 22, 32, 36, and 37 of the '437 patent; claims 36, 38, and 45 of the '703 patent; and claims 3 and 5 of the '685 patent (collectively, the enumerated claims are referred to hereinafter as "the Asserted Claims"), and that Defendants' manufacture, use, sale, offer for sale, or importation of their generic dalfampridine tablets in the United States will infringe the Asserted Claims;

WHEREAS, the parties are interested in narrowing the issues before the Court;

IT IS HEREBY STIPULATED AND AGREED by and between the Plaintiffs and Defendants, through their respective undersigned counsel, and subject to the approval of the Court, that:

1. The filing of each Defendant's ANDA with the FDA seeking approval to market its generic dalfampridine tablets prior to the expiration of the patents-in-suit infringed the Asserted Claims of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A), to the extent those claims are found to be valid and enforceable.

2. The Asserted Claims of the patents-in-suit would be infringed by use of the proposed products of Defendants' ANDAs, to the extent those claims are valid and enforceable.

3. Defendants' affirmative defenses of non-infringement and counterclaims for declaratory judgment of non-infringement of the Asserted Claims of the patents-in-suit are hereby dismissed with prejudice.

4. Defendants shall have the right to present at trial any or all of their remaining defenses permitted by the Court, including invalidity.

5. For purposes of this action only, Plaintiffs will not present evidence that the "twelve week" limitation in claim 39 of the '826 patent is uniquely inventive over the "two week" limitation in claim 37 of the '826 patent. In other words, for purposes of this action only, if the "two week" limitation in claim 37 of the '826 patent is held to be obvious, the "twelve week" limitation in claim 39 of the '826 patent will be similarly held to be obvious.

6. For purposes of this action only, Plaintiffs will not present evidence that the "twelve week" limitation in claim 5 of the '437 patent is uniquely inventive over the "two week" limitation in claim 1 of the '437 patent. In other words, for purposes of this action only, if

the "two week" limitation in claim 1 of the '437 patent is held to be obvious, the "twelve week" limitation in claim 5 of the '437 patent will be similarly held to be obvious.

       7.     For purposes of this action only, Plaintiffs will not present evidence that the "twelve week" limitation in claim 36 of the '437 patent is uniquely inventive over the "two week" limitation in claim 32 of the '437 patent. In other words, for purposes of this action only, if the "two week" limitation in claim 32 of the '437 patent is held to be obvious, the "twelve week" limitation in claim 36 of the '437 patent will be similarly held to be obvious.

       8.     For purposes of this action only, Plaintiffs will not present evidence that the "twelve week" limitation in claim 37 of the '437 patent is uniquely inventive over the "two week" limitation in claim 33 of the '437 patent. In other words, for purposes of this action only, if the "two week" limitation in claim claim 33 of the '437 patent is held to be obvious, the "twelve week" limitation in claim 37 of the '437 patent will be similarly held to be obvious.

       9.     Plaintiffs have standing with respect to each of Plaintiffs' claims asserted in this action against Defendants.

       10.    This Stipulation and Order shall not affect any other claim, defense, or counterclaim that the parties have asserted or could assert in this action, or in any other litigation.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A. |
| */s/ Maryellen Noreika* | */s/ Megan C. Haney* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com<br>jtigan@mnat.com | John C. Phillips, Jr. (#110)<br>David A. Bilson (#4986)<br>Megan C. Haney (#5016)<br>1200 North Broom Street<br>Wilmington, DE 19806<br>(302) 655-4200<br>jcp@pgmhlaw.com<br>dab@pgmhlaw.com<br>mch@pgmhlaw.com |
| *Attorneys for Plaintiffs Acorda Therapeutics, Inc. and Alkermes Pharma Ireland Limited* | *Attorneys for Defendants Apotex Corp., Apotex Inc., Roxane Laboratories, Inc., and Teva Pharmaceuticals USA, Inc.* |
| | MORRIS JAMES LLP |
| | */s/ Mary B. Matterer* |
| | Richard K. Herrmann (#405)<br>Mary B. Matterer (#2696)<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE 19801<br>(302) 888-6800<br>rherrmann@morrisjames.com<br>mmatterer@morrisjames.com |
| | *Attorneys for Defendant Mylan Pharmaceuticals Inc.* |

SO ORDERED this ____ day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE