```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3                                 - - -
     ACORDA THERAPEUTICS, INC.,          :
 4                                       :     CIVIL ACTION
                Plaintiff,               :
 5   v                                   :
                                         :     (Consolidated)
 6   ALKEM LABORATORIES LTD.,            :
                                         :     NO. 14-882-LPS
 7              Defendant.               :
                                 - - -
 8
                            Wilmington, Delaware
 9                       Thursday, September 1, 2016
                              Pretrial Conference
10
                                 - - -
11
     BEFORE:          HONORABLE LEONARD P. STARK, Chief Judge
12
     APPEARANCES:                  - - -
13

14             MORRIS NICHOLS ARSHT & TUNNELL, LLP
               BY:  MARYELLEN NORIEKA, ESQ.
15
                    and
16
               KAYE SCHOLER, LLP
17             BY:  AARON STIEFEL, ESQ.,
                    DANIEL DiNAPOLI, ESQ., and
18                  SOUMITRA DEKA, ESQ.
                    (New York, New York)
19
                         Counsel for Plaintiffs Acorda
20                       Therapeutics, Inc., and Alkermes
                         Pharma Ireland Limited
21

22

23

24                                       Brian P. Gaffigan
                                         Registered Merit Reporter
25
```

```
 1    APPEARANCES:  (Continued)

 2
                   PHILLIPS, GOLDMAN, McLAUGHLIN & HALL, P.A.
 3                 BY:   JOHN C. PHILLIPS, JR., ESQ.

 4                     and

 5                 WINSTON & STRAWN, LLP
                   BY:   CHARLES B. KLEIN, ESQ.
 6                       (Washington, District of Columbia)

 7                     and

 8                 WINSTON & STRAWN, LLP
                   BY:   SAMUEL S. PARK, ESQ.
 9                       (Chicago, Illinois)

10                       Counsel for Roxane Laboratories, Inc.,
                         Teva Pharmaceuticals USA, Inc., Apotex
11                       Corp. and Apotex, Inc.

12
                   MORRIS JAMES LLP
13                 BY:   MARY B. MATTERER, ESQ.

14                     and

15                 PARKER POE ADAMS & BERNSTEIN, LLP
                   BY:   ROBERT L. FLORENCE, ESQ, and
16                       KAREN L. CARROLL, ESQ.
                         (Atlanta, Georgia)
17
                         Counsel for Mylan Pharmaceuticals Inc.
18

19

20

21

22                              - oOo -

23                       P R O C E E D I N G S

24             (REPORTER'S NOTE:  The following pretrial

25    conference was held in open court, beginning at 2:00 p.m.)
```

1     THE COURT: Good afternoon.
2     (The attorneys respond, "Good afternoon, your
3  Honor.")
4     THE COURT: I'll have you put your appearances
5  on the record for us, please.
6     MS. NOREIKA: Thank you. Good afternoon, Your
7  Honor. Maryellen Noreika from Morris Nichols for the
8  plaintiffs, Alkem and Acorda. And with me at counsel table
9  for Acorda is Daniel DiNapoli and Aaron Stiefel from Kaye
10 Scholer. And in the row behind is Sam Deka, also from Kaye
11 Scholer.
12    THE COURT: Welcome to all of you. Thank you.
13    MS. MATTERER: Good afternoon, Your Honor.
14    THE COURT: Good afternoon.
15    MS. MATTERER: Mary Matterer on behalf of Mylan.
16    I have with me today Robert Florence, sitting at
17 counsel table, and Karen Carroll from the Parker Poe law
18 firm.
19    THE COURT: And which defendant? Which
20 defendant are you on behalf of?
21    MS. MATTERER: Mylan.
22    THE COURT: Mylan. Thank you.
23    MR. PHILLIPS: Good afternoon.
24    THE COURT: Good afternoon.
25    MR. PHILLIPS: Jack Phillips, Your Honor, open

1  behalf of Apotex, Teva and Roxane.  With me in the courtroom
2  are Charles Klein and Sam Park of Winston & Strawn.
3          MR. KLEIN:  Good afternoon.
4          THE COURT:  Good afternoon.
5          Thank you.  That's everybody, correct?
6          MR. KLEIN:  Yes.
7          THE COURT:  Okay.  So we are here for a pretrial
8  conference for a bench trial scheduled to begin September
9  19th.
10         I saw the stipulation that was filed earlier
11 today.  I intend to sign that so that narrows some of the
12 issues.
13         I have gone through the pretrial order a couple
14 times and unless I am mistaken, I found not a single dispute
15 or disagreement or issue for me to resolve.  So that was a
16 first for me, a happy first, and I hope not to create
17 conflict where there may not be any.
18         So my agenda is pretty straightforward for this
19 pretrial conference.  I want to see if there are any issues
20 that any of you want to raise.  I want to talk about the
21 number of hours to give you for the trial.  And I want to
22 talk about whether there is a way that you might be able to
23 put me in a position to make a decision and get an opinion
24 out significantly more quickly than I have typically been
25 able to do, and I have some ideas about that and want to see

```
 1    what you all think of them.
 2              And I'm happy to answer any questions about the
 3    mechanics of how we're going to do the trial, but it's going
 4    to look like pretty much all of my bench trials, and many
 5    of you have had these bench trials in front of me already,
 6    so we'll see if there is anything there to talk about.
 7              But that makes the first item to see if you have
 8    things that you want to raise with me, first from the
 9    plaintiff.
10              MR. DINAPOLI:  Sure, Your Honor.  Dan DiNapoli
11    for the plaintiffs.
12              I believe you are correct that we do not have
13    any disputes for you today.  You did mention the stipulation
14    which relates to in large part infringement and a good part
15    of the pretrial order does relate to infringement, so that
16    can be ignored.
17              THE COURT:  Okay.
18              MR. DINAPOLI:  Thank you.
19              THE COURT:  Thank you.
20              Does Alkem have anything else?
21              MS. NOREIKA:  No, Your Honor.
22              THE COURT:  No.  All right.
23              How about the defendants?
24              MR. KLEIN:  Your Honor, no dispute.
25              THE COURT:  Okay.  Other defendants, any issues?
```

1                MR. FLORENCE:  Same, Your Honor.  No dispute.

2                THE COURT:  Okay.  I think, is there a third

3    defendant for the record?  No?

4                MR. KLEIN:  That's it.

5                THE COURT:  Just the two.  Okay.

6                You had asked in terms of hours for I think

7    16 hours a side.  I think that is quite high, particularly

8    given the stipulation.

9                Is anybody willing to suggest a smaller number

10   before I throw something out?  Plaintiff?

11               MS. NOREIKA:  Your Honor, I'm not sure how we

12   break out hours.  That always gets me confused.  I understand

13   it is the easiest way for you to deal about things.  Do you

14   usually think about six hours a day?

15               THE COURT:  Well, typically with a bench trial

16   we're able to do more like seven.  And however many hours I

17   give you, I am hoping to cram this into basically three days

18   at most.  I can start at 8:30.  We could certainly go until

19   at least 6:00 and, if need be, go a little bit later, but my

20   goal is to see if we can get this done in three days, even

21   if they're very long days.

22               MS. NOREIKA:  Okay.

23               THE COURT:  I don't know if that helps.

24               MS. NOREIKA:  I think that helps on the hours

25   point.

1                We might have some witness availability issues.
2    We have some medical doctors and as you know, their
3    schedules get kind of jam packed, so that is not something
4    that any of us have talked about.  I'm not sure whether we
5    have issues with that, if we would put three days or however
6    you want to do that, but I just want to raise that beforehand.
7                THE COURT:  All right.  Is there anything
8    further plaintiff wants to say before I see if defendants
9    have more to say?
10               MR. DINAPOLI:  No, Your Honor.
11               THE COURT:  Okay.
12               MR. KLEIN:  Your Honor, we may have to check
13   with witness availability as well if we're condensing to
14   three days, but we will accommodate your schedule the best
15   we can.
16               THE COURT:  Okay.  Are there any additional
17   thoughts?
18               MR. FLORENCE:  No, Your Honor.  Our thoughts are
19   the same on that.
20               THE COURT:  Okay.  We'll come back to this.
21               Let's talk about the briefing and whether you
22   can help me try to get an opinion out more quickly.
23               First off, at least in the pretrial order, you
24   all wanted a detailed opinion.  Is that still the desire of
25   the plaintiff?

1       MR. DINAPOLI: Yes, Your Honor.

2       THE COURT: Okay. And the defendants?

3       MR. KLEIN: Yes, Your Honor.

4       MR. FLORENCE: (Nodding yes.)

5       THE COURT: You agree; correct?

6       MR. FLORENCE: Yes.

7       THE COURT: Okay. I would like to, for various
8  reasons, try to experiment with seeing if we could get this
9  briefed very quickly, meaning on the order of a month or so
10 after we're done with the jury portion of the trial.

11      One idea I have, and I'll let you react to it,
12 would be we, whichever three days we do the trial or even if
13 it drags out over parts of five days, I give you at least a
14 day to go away and gather your thoughts and then come back
15 for a closing argument after you have had some time to think
16 through what you believe you proved at the trial and give
17 me a chance to reflect on the record and have focussed
18 questions for you and have you get the findings of fact to
19 me within something like a week or so after the closing
20 argument.

21      I mean you already have what you intend to be
22 your proposed findings of fact. I know you will have your
23 witness outlines and be trying very carefully to prove what
24 you think you can prove and you will have made argument to
25 me about what you think you did prove, and I'm thinking if

1   you can get me the proposed findings of fact document with
2   the citations to the record something like a week after
3   that, it should still be pretty fresh in my mind and rather
4   than have to pick it up months later, this might really help
5   me get at least that sort of set more quickly.
6            In the meantime, if I told you that all the
7   briefing had to be done three-to-four weeks later, something
8   like that, it would be no surprise to you, and maybe with
9   all of your brilliant legal writing teams, you could put it
10  together so that, again, I could have all the legal argument
11  and everything I need to really get moving on an opinion
12  before this case falls into the background and behind
13  hundreds of other cases.
14           So that is roughly what I'm thinking.  None
15  of that is an order at this point but I'd appreciate any
16  thoughts or reactions you might have.
17           Are there any thoughts from the plaintiff's
18  side?
19           MR. DINAPOLI:  No, Your Honor.  We can deal with
20  that schedule.
21           THE COURT:  Okay.  How about from the defense
22  side?
23           MR. KLEIN:  The only initial thought I had is
24  hopefully we get the transcript with enough time to turn it
25  around and brief it.

1          THE COURT:  Right.  My impression -- Mr.
2  Gaffigan could stand and dispute it -- but I think he is
3  usually pretty quick about getting it to you if you order
4  it, you know, within a day or so after the proceedings.  So
5  I don't envision that being a hold up.
6          THE COURT REPORTER:  It won't be, Your Honor.
7          THE COURT:  The record reflects the court
8  reporter says that will not be an issue.
9          MR. PHILLIPS:  Blame it on the court reporter.
10          THE COURT:  Other thoughts or concerns?
11          MR. FLORENCE:  No, Your Honor.  I think what you
12  are proposing is quite doable.
13          THE COURT:  Then you will all be my guinea pigs
14  and we will see if you can make this work, and if it has
15  benefits for me, as I anticipate it might.
16          So here is what we'll do.  I am going to give
17  you a maximum of 10 hours a side for your evidentiary
18  presentation.  I'll give you an additional hour for closing
19  argument, an hour per side.  So that is effectively 11
20  hours, but if you don't use the full 10 for evidence, that
21  is gone.
22          I'll let you confer on the schedule.  As of now,
23  I have that whole week free.  I have a desire to cram you
24  into three days, so I have two days free to do other things,
25  but if it has to be parts of five days, I'm okay with that.

1        The closing argument could be on the Friday, if
2   we want to finish the evidence on the Wednesday.
3        If we're going to be doing evidence until
4   Friday, then I would like to bring you back for a couple
5   hours sometime the following week, and I'm pretty flexible
6   that week.
7        In terms of the briefing and the findings of
8   fact, I'd like you all to work out a schedule consistent
9   with what I have outlined, approximately a week for the
10  findings of fact after closing arguments, and approximately
11  three weeks after that for all the briefing to be done.
12       But with that, I'll let you confer and check in
13  with your witnesses and give me a specific schedule; and in
14  light of the holiday, I can wait until Tuesday to hear back
15  from you.
16       Are there any questions or concerns about any of
17  that from the plaintiff?
18       MR. DINAPOLI:  No, Your Honor.
19       THE COURT:  All right.
20       MS. NOREIKA:  And with the openings, the
21  openings, sometimes that is part of the hours is the way you
22  count it?
23       THE COURT:  Yes.  I say evidence, but certainly
24  any time we spent arguing objections as well as your opening
25  statements comes out of the ten hours.  Thank you for

1  clarifying that.

2  　　　　　Are there questions or concerns about any of
3  that from the defense side?

4  　　　　　MR. KLEIN:  None from me, Your Honor.

5  　　　　　THE COURT:  No?

6  　　　　　MR. FLORENCE:  None, Your Honor.

7  　　　　　THE COURT:  Well everything in the pretrial
8  order was agreeable to me.  So I've got nothing else.

9  　　　　　Are there questions or anything else we should
10 talk about while we're all together?

11 　　　　　MR. DINAPOLI:  No, Your Honor.

12 　　　　　THE COURT:  Okay.

13 　　　　　MR. KLEIN:  No, Your Honor.

14 　　　　　THE COURT:  No?

15 　　　　　MR. FLORENCE:  No.

16 　　　　　THE COURT:  Well, thank you.  We will look for
17 your submission on Tuesday.  Have a nice long weekend.

18 　　　　　We will be in recess.

19 　　　　　(Pretrial conference ends at 2:11 p.m.)

20 　　　I hereby certify the foregoing is a true and accurate
　　transcript from my stenographic notes in the proceeding.
21

22 　　　　　　　　　　　　/s/ Brian P. Gaffigan
　　　　　　　　　　　　　Official Court Reporter
23 　　　　　　　　　　　　　 U.S. District Court

24

25